UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BOBBY J. GRADY,

        Plaintiff,

        v.                                    Case No. 25-CV-1768

NEW LISBON CORRECTIONAL INSTITUTION,
and TIM THOMAS,

        Defendants.

## SCREENING ORDER

Plaintiff Bobby J. Grady, who is currently housed at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $20.25. Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

2

### ALLEGATIONS OF THE COMPLAINT

At all times relevant to the complaint, Plaintiff was incarcerated at New Lisbon Correctional Institution. Plaintiff alleges that he was held in prison for 73 days past his release date. He explains that he should have been released from prison on February 3, 2024, but he was not released until April 16, 2024. Plaintiff asserts that he brought the matter to "Records'" attention several times, but "Records" did not pay attention to his requests. Compl. at 3, Dkt. No. 1. Plaintiff seeks monetary damages. *Id.* at 4.

### ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff claims that he was incarcerated at New Lisbon Correctional Institution for 73 days longer than he should have been. He asserts that Defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment and to due process under the Fourteenth Amendment.

Although Plaintiff seeks to proceed on a claim under the Fourteenth Amendment, the Seventh Circuit has held that "incarcerating a prisoner beyond the termination of his sentence without penological justification violates the Eighth Amendment as cruel and unusual punishment." *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001), *abrogated on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). In other words, Plaintiff cannot proceed on a claim under the Fourteenth Amendment.

3

To state a claim for excessive incarceration under the Eighth Amendment, a plaintiff must allege that (1) the defendants held him beyond the term of his incarceration without penological justification and (2) the prolonged detention was the result of the defendants' deliberate indifference. *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014) (citation omitted). Deliberate indifference is shown where the defendants knew of the risk of prolonged confinement but intentionally or recklessly disregarded it. *Id.*

Plaintiff names New Lisbon Correctional Institution and Warden Tim Thomas as defendants. As an initial matter, Plaintiff does not state a claim against New Lisbon Correctional Institution because it is not a "person" under §1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). In addition, although Plaintiff lists Warden Thomas as a defendant in the caption of the complaint, the body of the complaint contains no allegations against him. Stated differently, there are no allegations from which the Court can infer that Warden Thomas ignored a known risk of Plaintiff's prolonged confinement or deliberately held him beyond the term of his incarceration. Therefore, Plaintiff has failed to state an Eighth Amendment claim against Warden Thomas.

For these reasons, Plaintiff has failed to state a claim upon which relief can be granted. If Plaintiff wants to proceed with this lawsuit, he will need to file an amended complaint by **March 20, 2026**, that cures the deficiencies identified in this decision. Plaintiff should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Plaintiff should set forth his allegations in short and plain statements. Plaintiff

should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Plaintiff is advised that 42 U.S.C. §1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. §1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, Plaintiff must identify the individual defendants whom he alleges caused the violation of his constitutional rights and specify the manner in which their actions, or failure to take action, caused the violation.

Plaintiff is advised that the amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Plaintiff's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **March 20, 2026**, Plaintiff shall file an amended complaint curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $329.75 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on February 17, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge
