UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BOBBY J. GRADY,

        Plaintiff,

        v.                       Case No. 25-CV-1768

JOHN/JANE DOE RECORDS CLERK and
A. JONES,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Bobby J. Grady, who is currently incarcerated at Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On February 17, 2026, the Court screened the complaint and dismissed it for failure to state a claim upon which relief could be granted. The Court gave Plaintiff an opportunity to file an amended complaint by March 20, 2026. Plaintiff subsequently filed an amended complaint.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a

cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff alleges that, on October 3, 2022, Plaintiff was sentenced in Waukesha County Case No. 21CF1416 to one year of incarceration in Waukesha County Jail and two years of extended supervision for felony retail theft. That same day, Plaintiff was sentenced in Waukesha County Case No. 20CM572 to an imposed and stayed term of one month incarceration in the local jail and one year of probation for possession of drug paraphernalia. The imposed and stayed jail sentence was to be served consecutive to the sentence in Case No. 21CF1416. Plaintiff asserts that

2

he would receive 120 days credit if he was revoked. He alleges that, after his sentencing, he remained in the Waukesha County Jail for 12 days until he was transported to the Milwaukee County Jail. Am. Compl. at 2, Dkt. No. 11.

On February 3, 2023, Plaintiff was arrested in Ozaukee County, and Plaintiff's probation officer placed a hold on Plaintiff. Plaintiff was transferred to Dodge Correctional Institution to serve the rest of the time he was revoked. Plaintiff asserts that, under Wisconsin law, an individual with a bifurcated sentence comprised of prison and jail time must serve the jail sentence and prison sentence together and that the individual is eligible for release from his sentence after serving two-thirds of the sentence. Plaintiff alleges that, even though an individual at New Lisbon Correctional Institution completed a sentence computation stating that Plaintiff should be released on April 3, 2024, A. Jones, a worker in the corrections records office, intentionally acted with reckless disregard to Plaintiff's release date and did not release Plaintiff until April 16, 2024. *Id.* at 3. He asserts that A. Jones applied Wisconsin's sentence computation laws differently to him than to similarly situated inmates. *Id.* at 4. Plaintiff alleges that, in 2023, he submitted request slips to John/Jane Doe Records Clerk at Dodge Correctional Institution about his "time structure" and that John/Jane Doe ignored his request slips. He notes that Renee Hackbarth was the Dodge Correctional Institution Records Office supervisor. *Id.* Plaintiff seeks monetary damages. *Id.* at 5.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of*

*Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).  Plaintiff alleges that A. Jones improperly prolonged his confinement.  "Claims brought under § 1983 to address sentence miscalculations or prolonged detention generally arise under the Eighth and/or Fourteenth Amendment." *Beschorner v. Waggoner*, No. 18-cv-379, 2018 WL 1071714, at *4 (S.D. Ill. Feb. 26, 2018).  In *Werner v. Wall*, 836 F.3d 751, 766 (7th Cir. 2016), the Seventh Circuit acknowledged, but did not resolve, the "difficult question" of whether the treatment of a detained individual not subject to a sentence of incarceration is appropriately analyzed under the Eighth Amendment or substantive due process under the Fourteenth Amendment.  Regardless of which Amendment applies, the Court concludes that Plaintiff states a claim under the Eighth and Fourteenth Amendments.

To state a claim for excessive incarceration under the Eighth Amendment, a plaintiff must allege that (1) the defendant held him beyond the term of his incarceration without penological justification and (2) the prolonged detention was the result of the defendant's deliberate indifference. *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014) (citation omitted).  Deliberate indifference is shown where the defendants knew of the risk of prolonged confinement but intentionally or recklessly disregarded it. *Id.*  Plaintiff alleges that, even though the New Lisbon Correctional Institution sentence computation stated that Plaintiff should be released on April 3, 2024, A. Jones intentionally acted with reckless disregard to Plaintiff's release date and did not release Plaintiff until April 16, 2024.  Am. Compl. at 3.  Based on the allegations in the amended complaint, Plaintiff may proceed on an Eighth Amendment claim against A. Jones.

Substantive due process protects against "certain state action regardless of the fairness of any procedural protections the plaintiff was afforded." *Isabella A. by David A. v. Arrowhead Union High Sch. Dist.*, 323 F. Supp. 3d 1052, 1061 (E.D. Wis. 2018) (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998); *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).  To state a

substantive due process claim, a plaintiff must allege "conduct under color of state law that 'violated a fundamental right or liberty' and was so 'arbitrary and irrational' as to 'shock the conscience.'" *Robbin v. City of Berwyn*, 108 F.4th 586, 589 (7th Cir. 2024) (quoting *Nelson v. City of Chicago*, 992 F.3d 599, 604 (7th Cir. 2021)). The "deliberate-indifference standard . . . is the general standard applicable to claims arising under substantive due process." *Martinez v. Santiago*, 51 F.4th 258, 262 (7th Cir. 2022) (citing cases). A prisoner has a liberty interest in gaining timely release from incarceration. *See Toney-El v. Franzen*, 777 F.2d 1224, 1227 (7th Cir. 1985). Plaintiff alleges that A. Jones intentionally acted with reckless disregard to Plaintiff's release date and did not release Plaintiff until April 16, 2024, even though the New Lisbon Correctional Institution sentence computation stated that Plaintiff should be released on April 3, 2024. Am. Compl. at 3. Based on these allegations, Plaintiff may proceed on a Fourteenth Amendment substantive due process claim against A. Jones.

Plaintiff may also proceed on a class-of-one equal protection claim against A. Jones. The Equal Protection Clause of the Fourteenth Amendment prohibits the singling out of a person without a rational reason. *Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th Cir. 2013). A plaintiff states a class-of-one equal protection claim by alleging that (1) a state actor intentionally treated him differently than others similarly situated and (2) there is no rational basis for the difference in treatment. *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010) (citation omitted). Plaintiff alleges that A. Jones violated his rights under the Equal Protection Clause because he treated Plaintiff differently than similarly situated inmates. At this stage in the proceedings, Plaintiff may proceed on a class-of-one equal protection claim against A. Jones.

Plaintiff does not state a claim against Jane/John Doe Records Clerk at Dodge Correctional Institution or Supervisor Renee Hackbarth, however. Plaintiff alleges that, in 2023, he submitted

request slips to John/Jane Doe Records Clerk at Dodge Correctional Institution about his "time structure" and that his requests were ignored. He notes that Renee Hackbarth is the Dodge Correctional Institution Records Office supervisor. But Plaintiff does not allege what he stated about his "time structure" in his inmate request slips. The amended complaint contains no allegations from which the Court can infer that John/Jane Doe Records Clerk or Renee Hackbarth ignored a known risk of Plaintiff's prolonged confinement or deliberately held him beyond the term of his incarceration. Therefore, Plaintiff has failed to state a claim against Jane/John Doe Records Clerk and Renee Hackbarth.

IT IS THEREFORE ORDERED that Jane/John Doe Records Clerk is TERMINATED as a defendant.

IT IS FURTHER ORDERED that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on A. Jones.

IT IS FURTHER ORDERED that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, A. Jones shall file a responsive pleading to the amended complaint within sixty days of receiving electronic notice of this order.

IT IS FURTHER ORDERED that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

IT IS FURTHER ORDERED that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge

6

Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on April 6, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

7